UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA COHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-cv-0097-JAR |
| ) | |
| PRUCO LIFE INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Linda Cohen's Motion to Remand. (Doc. 22.) Defendant Pruco Life Insurance Company ("Pruco") opposes remand. (Doc. 27.) Also pending is Pruco's Motion to Dismiss. (Doc. 14.) Plaintiff Linda Cohen filed a memorandum in opposition (Doc. 20), and Pruco replied (Doc. 26).

**Background**

Plaintiff alleges the following in her complaint (Docs. 5, 6): Plaintiff purchased a life insurance policy from Pruco with a face value of $350,000. In the latter half of 2018, the policy was due for renewal. As part of the renewal process, Plaintiff provided required health information. Plaintiff tendered a check for the premium amount due and Pruco cashed it. Pruco subsequently notified Plaintiff by mail that they were denying coverage and terminating the policy, and that she would be issued a refund. The letter stated that the denial was based on blood test results and an abnormal echocardiogram.

Plaintiff asserts that the blood test in question was based on a sample drawn the morning after she had undergone a significant surgery, a time when irregular results are to be expected.

1

Further, she asserts that the letter attributed the results to a physician who had not begun treating Plaintiff until two months after the test. Finally, Plaintiff asserts that her health records included a completely normal follow-up echocardiogram only a month after the abnormal result.

On December 11, 2018, Plaintiff filed suit in Missouri state court, arguing that Pruco's denial of coverage and termination of the policy were the result of a negligent misuse of her health records and a breach of its fiduciary duty. (Doc. 5.) She sought compensatory damages "in an amount in excess of $25,000" based on "humiliation . . . anxiety and sleeplessness," as well as "additional costs and expense for medical testing," and alleged that she has been unable to secure a replacement policy with similar terms. (Doc. 6 at ¶¶ 15-16.) She also sought attorney fees and costs. (*Id*. at ¶ 18.) On January 24, 2019, Pruco removed the case to this Court, arguing that it had diversity jurisdiction over the suit under 28 U.S.C. § 1332. (Doc. 1.)

## Motion to Remand

Plaintiff seeks an order remanding the case to state court, arguing that "the jurisdictional amount in controversy does not exceed $20,000.00." (Doc. 22 at ¶ 6.) Pruco responds that the appropriate measure of damages is the face value of the policy: $350,000. (Doc. 27.)

### *Legal Standard*

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." 28 U.S.C. § 1441(a); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Federal district courts have original jurisdiction in civil actions between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The party invoking jurisdiction bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Prempro*, 591 F.3d at 619 (citing *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). The case will be remanded only "if it appears to a legal

certainty that the value of the claim is actually less than the required amount." *Perma Glass Corp. v. Sasak Corp.*, 718 F. Supp. 742, 743 (E.D. Mo. 1989) (citation and quotations omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

### *Discussion*

Pruco cites *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 835 (8th Cir. 2003), for the proposition that, "[i]n actions based on alleged wrongful denial of life insurance coverage, the amount in controversy is the face value of the policy." (Doc. 27 at 4.) Because the policy at issue in this case has a face value greater than $75,000, Pruco argues that the amount-in-controversy requirement is obviously satisfied. (*Id*. at 5.)

The Court believes Pruco's reliance on *Minnesota Mutual* is misplaced. In that case, two plaintiffs alleged that they been induced to buy life insurance based on a salesman's promise that the premiums would vanish—that is, the plaintiffs were told that after a small number of annual payments, they were entitled to the face value of the policy without making additional out-of-pocket payments for the remainder of their lives. *Minn. Mut.*, 346 F.3d at 832-33. That representation was inaccurate, and when the plaintiffs refused to pay additional premiums, their policies were terminated. *Id*. at 833. They sued to force Minnesota Mutual to honor its salesman's representations and reinstate their polices. *Id*. at 835.

Minnesota Mutual removed the case to federal court and the plaintiffs sought to remand. *Id*. Their motion was denied, the case was combined with similar suits in other districts, and, ultimately, Minnesota Mutual was granted summary judgment. *Id*. at 833. The plaintiffs appealed, arguing that the federal district court lacked subject-matter jurisdiction because less than $75,000 was in controversy. *Id*. at 834. The Eighth Circuit rejected this argument, holding

3

that, when a plaintiff seeks equitable relief arising from the termination of an insurance policy, the amount in controversy is the face value of the policy. *Id*. at 835.

This Court finds *Minnesota Mutual* distinguishable because Plaintiff is not seeking equitable relief; she does not ask the Court to reinstate her policy or force Pruco to accept her premium check. (Doc. 6.) Instead, she seeks compensatory damages and attorney fees based on "humiliation . . . anxiety and sleeplessness," as well as "additional costs and expense for medical testing." (*Id*. at ¶¶ 15-16.) *Minnesota Mutual* makes clear that the face value of the policy is a stand-in for the jurisdictional amount only "in lieu of a potentially smaller award based solely on compensatory damages." 346 F.3d at 835.

That said, the Court concludes that the full face amount of the policy was placed in controversy by virtue of Plaintiff's allegation that she has been unable to obtain a replacement policy. While she does not seek equitable reinstatement of the policy per se, her compensatory damages claim encompasses the loss of access to $350,000 in life insurance benefits. It would therefor take $350,000 to put Plaintiff in the position she would have been in absent Pruco's alleged breach, and she has not shown to a legal certainty that she will be able to obtain a replacement policy in the same amount. Accordingly, the jurisdictional amount is met. The court will therefore deny Plaintiff's Motion to Remand.

## Motion to Dismiss

Pruco moves to dismiss, arguing that Plaintiff has failed to identify any legal duty to support her negligence or fiduciary claims. (Doc. 15.)

### *Legal Standard*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

4

(2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (alteration in original) (citations omitted). "When ruling on a motion to dismiss [under Rule 12(b)(6)], the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

*Analysis*

The Court first notes that Plaintiff's response to Pruco's Motion to Dismiss is eleven sentences long and does not cite a single legal authority. (Doc. 20.) In addition, Plaintiff includes assertions which are arguably outside the scope of her first amended petition. "[A] complaint may not be amended by the briefs in opposition to a motion to dismiss." *Halpern v. Phoenix Life Ins. Co.*, No. 4:17 CV 2879 (JMB), 2018 WL 827943, at *1 (E.D. Mo. Feb. 12, 2018) (quoting *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989)). With those caveats in mind, the Court will turn to the substance of Pruco's argument.

Pruco first argues that Plaintiff has failed to assert a legal duty on which her negligence claim can stand. (Doc. 15 at 2-3.) Because negligence is the failure by the defendant to perform some duty owed to the plaintiff, *McComb v. Norfus*, 541 S.W.3d 550, 554 (Mo. 2018) (citation omitted), the absence of any legal duty is fatal to a negligence claim. In addition, Pruco argues that Plaintiff failed to plead the existence of any fiduciary relationship between her and Pruco. (Doc. 15 at 3-4.)

5

In her response, Plaintiff baldly states that Pruco had a duty of care relating to the handling of her medical records. (Doc. 20 at ¶ 9.) She also asserts that a fiduciary duty existed by virtue of her being "a long time customer" of Pruco's. (*Id*. at ¶ 8.) Lastly, she intimates that the Health Insurance Portability and Accountability Act ("HIPAA") creates a duty of care and fiduciary relationship "in connection with the proper handling" of her heath information. (*Id*. at 9.)

The Court concludes that Plaintiff's amended petition, as currently pled, is insufficient to support her claim that Pruco owed her a duty of care or fiduciary duty. She cites no legal basis for her claim that insurers have a duty of care in handling medical records and, as Pruco notes, an insurer is not bound by HIPAA. *See* 45 C.F.R. § 160.102. Likewise, she offers no legal support for her assertion that a long-term business relationship is sufficient to establish a fiduciary duty on the part of an insurer and does not even allege the existence of a special relationship—a prerequisite to any fiduciary duty. *See Farmers Ins. Co. v. McCarthy*, 871 S.W.2d 82, 86 (Mo. Ct. App. 1994) *quoting Masoner v. Bates County Nat. Bank*, 781 S.W.2d 235, 239 (Mo.App.1989) ("in order for a fiduciary relationship to exist, 'there must be evidence of a special trust with respect to the property or business'").

Put simply, Plaintiff fails to allege facts from which the Court could infer that Pruco's decision-making process violated any legal duty under HIPAA or common law. As such, she has failed to state a claim upon which relief may be granted. The Court will therefore grant Pruco's Motion to Dismiss Plaintiff's amended complaint but, given the circumstances of this case, will also grant Plaintiff leave to file a second amended petition; Plaintiff's third—and final—opportunity to adequately plead her claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 22), is **DENIED.**

**IT IS FURTHER ORDERED** that Pruco Life Insurance Co.'s ("Pruco") Motion to Dismiss is **GRANTED in part.**  Plaintiff is granted leave to file a second amended petition **within fifteen (15) days of the date of this order**.

Dated this 23rd day of December, 2019.

                                                    _____
                                                    JOHN A. ROSS
                                                    UNITED STATES DISTRICT JUDGE